IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 16 PM 3:07

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 02-20165-D/P |
| ALVIN IRWIN MOSS, et al., | ) |
| Defendants. | ) |

### ORDER DENYING DEFENDANT BOHN'S RENEWED MOTION FOR SPEEDY TRIAL (dkt. #381) AND MOTION TO DISMISS (dkt. #539)

Before the Court is the renewed Motion for Speedy Trial (dkt. #381), filed September 3, 2004, and Motion to Dismiss[1] (dkt. #539), filed June 17, 2005, of Defendant Robert Murray Bohn ("Bohn" or "Defendant"). For the following reasons, the Court **DENIES** both motions.

I. **Factual & Procedural History**

The chronology must be given in detail because of the nature of the issue before the Court. The indictment against the Defendant was returned by the federal grand jury on May 8, 2002, charging Bohn[2] and others with racketeering, mail fraud, smuggling, and money laundering in furtherance of an allegedly illegal lottery gaming business. Bohn was arraigned on January 9, 2003.

In 1996, the FBI executed a search warrant on the Barbados facilities of IDM Direct Marketing Corporation ("IDM") and seized electronic information from twenty desktop computers

---

[1] Defendant Bohn joined the motion to dismiss (dkt. #539) to the extent that he seeks dismissal for violation of his Sixth Amendment right to a speedy trial. All other movants have subsequently pled guilty, rendering these issues moot as to them.

[2] Bohn was charged in the following counts of the indictment: 1, 2, 4-8, 55-88.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 8/16/05



and seven mainframe servers. See Depo. of Detective Lee Stewart, p. 237 at lines 16, 19-23. Bohn was an officer of Pacific International Trust Company Limited; Vanuatu Maritime Services, Ltd.; European Bank, Ltd.; and Atlas Corporation, Ltd.. Bohn allegedly established checking accounts on behalf of IDM that were used in the collection and ultimate distribution of proceeds from the sales and promotion of lottery tickets to citizens of the United States. See Complaint, p. 18 at line 13.

Upon the request of Special Agent Pamela Jane Vanderburg ("Vanderburg"), the Computer Analysis Response Team ("CART") of the FBI made arrangements in August 1998 to set up a hard drive of the electronic data seized from IDM for Vanderburg's review or for "whomever she designated to review that information." See Depo. of Lee Stewart, p. 253 at lines 1-5. This took CART approximately a week to create. Id. at p. 254 at lines 1-7. Some of the data acquired from IDM was found to be partially corrupted, making review of this material difficult. Id. at p. 258 at lines 11-18, 22-25. The IDM data copy created by CART, however, had an operating system with intermediate platform that facilitated review and query search in substantial part. Id. at p. 253 at lines 20-21, 23-24; p. 260 at lines 22-25; p. 261 at 1-5.

Upon the government's motion, the Court initially ordered the indictment in this case sealed. The indictment was unsealed on December 4, 2002. From December of 2002 until April 15, 2005, the record reflects that twenty specific requests for discovery from the government had been made, including copies of all electronic material seized or obtained by the government from facilities in Barbados and elsewhere. See Docket No. 425 at Exhibits A & B; Docket No. 486 at Exhibit A. The government contends that it received its first written discovery request from certain Defendants on February 3, 2003 for the production of all discovery materials, including but not limited to electronic materials seized in Barbados, Australia, and the United States. The government states that counsel

for Bohn did not specifically request electronic discovery material nor has any defense counsel complied with the government's requests for discovery documents. In March 2003, Defendants were given access to 167 banker boxes of material that were in the government's possession from seizures in this case.

On April 22, 2003, the Court entered an Order dismissing the indictment as facially defective as to all Defendants. Subsequently, the Court ruled that all discovery in this case would cease, pending the Sixth Circuit's decision on the government's appeal. On July 6, 2004, the Sixth Circuit reversed the dismissal and reinstated the indictment. On July 29, 2004, at a status conference, the Court orally instructed the parties to resume discovery, and requested that the process be conducted in a manner that facilitated the most expeditious use of resources to prepare for trial.

On August 18, 2004, Bohn moved to modify the conditions of his release, and alternatively moved for severance and a speedy trial. On November 5, 2004, certain Defendants filed a motion to compel discovery ("November 5, 2004 Motion") and on November 8, 2004, the Court entered an Order of Reference directing U.S. Magistrate Judge Pham to make a determination on that motion. On November 18, 2004, at the direction of the magistrate judge, the government filed a response, with a supplement filed December 17, 2004, setting forth an objection to the scope of certain Defendants' discovery requests.

On April 15, 2005, pending the magistrate judge's ruling, a status conference was conducted before the Court on certain Defendants' requested production of electronic materials. On April 29, 2005, the Court entered an Order, *nunc pro tunc* to April 15, 2005, ordering the government to

3

produce all requested discovery on or before thirty days from April 15, 2005[3]. Specifically, a May 16, 2005 production deadline was imposed on the government. The magistrate judge amended his May 5, 2005 Order to conform with the Court's discovery deadline. Bohn contends that, to date, the government has failed to comply with the Court's discovery order. Bohn is currently under house arrest and the trial is set for hearing in September of 2005.

## II. Analysis

Bohn asserts that the indictment should be dismissed, with prejudice, because the government's discovery delays have amounted to a violation of Defendant's Sixth Amendment right to a speedy trial. Bohn contends that material requested by certain Defendants more than two and a half years ago has been in the government's possession in retrievable form and that production delays have been either negligent or willful.

The government contends that the two-and-a-half-year delay asserted by the Defendant does not take into consideration numerous issues that were pending before this Court and the Court of Appeals. It asserts that such delays should not be attributed to the government. Specifically, the government argues that it should not be penalized for the following: (1) the fourteen month period during the appeal to the Sixth Circuit of the Court's April 22, 2003 dismissal of the indictment and (2) the six months when the Magistrate Judge considered the government's objection to the scope of Defendant's November 5, 2004 Motion.

The right to a speedy trial is "fundamental" and is imposed by the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. See Smith v. Hooey, 393 U.S. 374 (1969). The

---

[3] The government was given ten days from April 29, 2005 to show cause as to why it could not produce all items requested by the Defendants in the time called for in the Court's Order.

4

balancing of four factors have been identified as necessary to a court's analysis in speedy trial cases. These factors are (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). When a Sixth Amendment right to a speedy trial has been violated, the only appropriate remedy is dismissal of the indictment. Strunk v. United States, 412 U.S. 434, 439-40 (1973); see also Doggett v. U.S., 505 U.S. 647 (1992) (delay of eight and one half years between defendant's indictment and arrest violated his Sixth Amendment right to speedy trial and warranted dismissal).

The first of these factors is a double inquiry because simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from a "presumptively prejudicial" delay. Id. at 652 (citing Barker, 407 U.S. at 530-31). Depending on the nature of the charges, courts have generally found post-accusation delay "presumptively prejudicial" as it approaches one year. Id. (the term "presumptive prejudice" in this threshold context does not "necessarily indicate a statistical probability of prejudice," but simply triggers a delay unreasonable enough to trigger the Barker inquiry). If this showing is met, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. See Barker, 407 U.S. at 533-34. This latter inquiry is significant to the speedy trial analysis because "the presumption that the pretrial delay has prejudiced the accused increases over time." See Doggett, 505 U.S. at 652. The speedy trial interest must, however, be balanced with the necessity for preserving society's interest in the administration of criminal justice. See United States. v. Morrison, 449 U.S. 361, 364 (1981).

The question before the Court is whether Bohn's speedy trial claim meets the Barker test for dismissal. First, in considering whether presumptive prejudice exists, the Court notes that the Defendant correctly asserts that a two-a-half-year delay has occurred. The government, however, asserts that delays that were the result of judicial administration before the Court and Court of Appeals should not be factored in this analysis.

5

The Court finds that the fourteen months in which this matter awaited determination of the government's appeal and the six-month period whereby a motion to compel discovery was before the Magistrate Judge should not be attributed to government delay. In United States v. Howard, 218 F.3d 556 (6th Cir. 2000), the Sixth Circuit stated that in calculating the length of delay for purposes of determining whether a defendant's Sixth Amendment right to speedy trial has been violated, only those periods of delay attributable to government or court are relevant to the claim. Howard, 218 F.3d at 561. In accordance with the Howard court's analysis, judicial pre-trial delays, albeit not attributed to the government, are factored into the speedy trial analysis, though they are given less weight than if the delays were attributable to the government. Even without considering the 20 months attributed to judicial pre-trial considerations, the remaining fourteen months would still, standing alone, presumptively trigger the initial Barker inquiry.

As the initial showing of prejudice has presumptively been met, the Court must inquire into the extent to which the delay stretched beyond the bare minimum needed to trigger judicial examination. In Barker, the Supreme Court held that where four years of the period from arrest to trial was attributed to the prosecution's failure or inability to try a co-indictee, and where the defendant was not seriously prejudiced by the more than five-year delay, the Sixth Amendment right to a speedy trial was not violated. In the case at bar, discovery delays have certainly stretched the time for which a jury trial would have occurred in this matter. Despite the discovery delays, much of which the Court attributes to the questionable tactics of Vanderburg, the Court finds that the one year presumption under the Barker analysis does not weigh overwhelmingly in Bohn's favor when factoring in the judicial administrative delays and the extent that the delay stretched beyond the bare minimum to trigger judicial inquiry. Additionally, as many of the Defendants in this matter have pled guilty, the Court anticipates that Bohn's trial will proceed as scheduled in September 2005.

Defendant has satisfied the third factor by asserting his right to speedy trial in August of 2004. As to the fourth factor, whether Bohn has been prejudiced by the delay, the Court finds that he has certainly been prejudiced by the delay and the conditions of confinement. The Court finds,

however, that the prejudice is not so extreme as to amount to a denial of due process warranting dismissal of the indictment.

## III. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss for Sixth Amendment speedy trial violations.

**IT IS SO ORDERED** this ___16___ day of August, 2005.

**BERNICE BOUIE DONALD**
**UNITED STATE DISTRICT COURT**

7

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 609 in case 2:02-CR-20165 was distributed by fax, mail, or direct printing on August 16, 2005 to the parties listed.

---

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Robert G. Chadwell
MCKAY CHADWELL PLLC
600 University St.
Ste. 1601
Seattle, WA 98101

David W. Kenna
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

Stephen Ross Johnson
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901--112

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Michael R. Koblenz
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

Richard M. Carter
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

David E. Wilson
MCKAY CHADWELL, PLLC
600 University
Ste 1601
Seattle, WA 98101

Robert W. Ritchie
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

Wade V. Davies
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

Glenn Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Michael B. Neal
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Honorable Bernice Donald
US DISTRICT COURT